NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3013

DEV IYER,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Dev Iyer, of Havertown, Pennsylvania, pro se.

Jane C. Dempsey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3013

DEV IYER,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in PH3443070016-I-1

_____

DECIDED: February 11, 2008

_____

Before RADER, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Dev Iyer petitions for review of an adverse decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction. <u>Iyer v. Dep't of the Treasury</u>, PH3443070016-I-1 (M.S.P.B. Aug. 17, 2007). We find no reversible error by the Board and therefore <u>affirm</u>.

BACKGROUND

Mr. Iyer applied for the position of internal revenue agent in Wilmington, Delaware, in response to a vacancy announcement by the Department of the Treasury, Internal Revenue Service ("the agency"). After an interview, the agency tentatively offered the position to Mr. Iyer, pending completion of preliminary inquiries, and

scheduled him to attend orientation. Shortly before the scheduled orientation, the agency placed Mr. Iyer's offer on hold due to issues arising during a background investigation. The agency requested that the Office of Personnel Management ("OPM") make a suitability determination regarding Mr. Iyer. The OPM concluded that inconsistencies in Mr. Iyer's application resulted from typographical errors, and that any misconduct during earlier employment occurred sufficiently prior to the present application to preclude adjudication by the OPM.

Notwithstanding the OPM's decision, communications within the agency indicate that the human resources department understood that the business unit did not want to hire Mr. Iyer. After consulting with employment specialists in the agency and the selecting official, the human resources department notified Mr. Iyer that the agency was no longer filling the vacancy in Wilmington.

After Mr. Iyer challenged the agency's decision by appealing to the Board on October 5, 2006, an administrative judge conducted a hearing. Mr. Iyer argued that the Board had jurisdiction because the agency had in fact based its action on suitability factors. Iyer v. Dep't of the Treasury, PH3443070016-I-1, slip op. at 9–10 (M.S.P.B. Feb. 2, 2007) ("Initial Decision"). The administrative judge dismissed Mr. Iyer's appeal for lack of jurisdiction, accepting the agency's stated reason for nonselection—that it decided not to fill the position. Id.

The Board subsequently denied Mr. Iyer's petition for review making the administrative judge's initial decision the final decision of the Board. Mr. Iyer timely filed a petition for review with this court.

DISCUSSION

We have jurisdiction over petitions for review of Board decisions under 28 U.S.C. § 1295(a)(9), pursuant to the procedures in 5 U.S.C. § 7703. We must set aside agency actions, findings, or conclusions we find "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c).

The administrative judge considered all of the testimony at the hearing, concluding that Mr. Iyer failed to prove that the agency based its decision on suitability factors. Initial Decision, slip op. at 9. In reaching that conclusion, the administrative judge evaluated the credibility of the witnesses and found no reason to doubt the agency's position. Id. This court will rarely disturb such evaluations, as credibility determinations are "virtually unreviewable" at this level. Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). The administrative judge accepted as true that the agency was prepared to go forward with an unsuitability determination, but did not have to do so when the selecting official decided not to fill the position. Initial Decision, slip op. at 10. With that understanding, the Board does not have jurisdiction based on the agency's nonselection in this case. See Prewitt v. Merit Sys. Prot. Bd., 133 F.3d 885, 886 (Fed. Cir. 1998) (stating nonselection is an issue generally not appealable to the Board).

Mr. Iyer also seeks the Board's jurisdiction based on a constructive suitability determination by the agency. Under that theory, however, he must demonstrate that the agency acted under delegated authority from the OPM to make the suitability

2008-3013                                          3

determination. <u>See</u> <u>Duggan v. Dep't of the Interior</u>, 98 M.S.P.R. 666, 669 (2005). The issue the agency believed could support unsuitability here was incorrect information provided by Mr. Iyer in his application. <u>Initial Decision</u>, slip op. at 3–4. Under the regulations, the OPM does not delegate authority for determinations in cases involving "material, intentional false statement or deception or fraud in examination or appointment." 5 C.F.R. § 731.103(a). Therefore, Mr. Iyer has also failed to establish the Board's jurisdiction under a constructive suitability theory.

For the foregoing reasons, we affirm the decision of the Board.

COSTS

No costs.